PUAILOA TAVETE, Plaintiff

v.

ESTATE OF LAGAFUAINA LAISENE, FA'AOPOOPO LAGAFUAINA, Executrix, HUGO GEBAUER, MARCUS LANGKILDE, LEFAGA BEAVER, SMITH HO CHING, TELE'A PULETASI, FALENOFOA STEFFANY, ROBERT C. PAYES, ROY J.D. HALL, Jr., TUI MARCUS, and SOLA PENEI SEWELL, Defendants

High Court of American Samoa
Land & Titles Division

LT No. 18-87

July 18, 1988

Before REES, Chief Justice, AFUOLA, Associate
Judge, and LUALEMAGA, Associate Judge.

Counsel: For Plaintiff, Charles Ala'ilima
 For Defendant Marcus Langkilde,
 William Reardon

On Motion to Dismiss or for Summary Judgment:

Since this motion and the accompanying
memorandum and affidavit call our attention to
facts not discernible from the face of the
complaint and answer, we consider it as a motion
for summary judgment. We assume the following
facts:

In 1965 Marie Langkilde leased property from
Lagafuaina Laisene. In May of 1966 Marie and her
husband Marcus Langkilde entered into possession of
the leased land. On October 29, 1968, Marie
Langkilde purchased the land from Lagafuaina and
the lease was cancelled.

In 1983 this action was filed by plaintiff
Puailoa. The action was designated a civil action;
it sought various sorts of relief including a
declaratory judgment that 60 acres called Malaeimi

37

was communal land of the Puailoa family and an injunction putting Puailoa into possession of the land. The named defendants were the estate of Lagafuaina, the executrix of the estate, and "Does I thru X." Plaintiff Puailoa swore that these unnamed defendants were occupying parts of the land but that he did not know their correct identities. For the purpose of this motion we assume the truth of this assertion and of the other assertions in the verified petition to the effect that Malaeimi was communal land of the Puailoa family which was improperly conveyed to Lagafuaina by his sister, the widow of a former Puailoa titleholder.

In July of 1987 the Court granted plaintiff's motions to transfer this action to the Land and Titles Division and for an amendment of the complaint to substitute the names of ten persons, including Marcus Langkilde, for "Does I thru X."

On July 30, 1987, Marcus Langkilde was served with a copy of the amended complaint.

On August 4, 1987, Marie Langkilde died. Her estate has been admitted to probate; Marcus Langkilde is the executor. A notice to creditors to file claims against the estate within 60 days was published in a local newspaper on February 12, 1988, and no claims were filed. The Court has not yet approved a final order closing the estate and distributing Marie's property to her heirs or legatees.

Defendant Marcus Langkilde makes this motion for summary judgment on three grounds: that the action is barred by the twenty-year limitation on actions to recover possession of real property provided by A.S.C.A. § 43.0120(6); that the action is barred by laches; and that the complaint should be dismissed for failure to join an indispensable party, Marie Langkilde.

## I. The Statute of Limitations

Counsel for defendant Langkilde argues that plaintiff's action against Langkilde, if any, accrued not with the sale in October of 1968 but with the lease in 1965 or when defendant and his late wife went into possession of the land in 1966. Counsel therefore contends that the twenty-year

limitation period had already expired when "[t]his action . . . was filed July 8, 1987."

This contention must be rejected for several reasons:

1) The sale in 1968 gave rise to a new relationship between the Langkildes and the land in question, a new set of claims and defenses between plaintiff and defendant, and therefore to the accrual of a new cause of action.

Prior to 1968 the Langkildes' right to occupy the land was incidental to whatever right Lagafuaina had. Any demand that the Langkildes leave the land would doubtless have been referred to Lagafuaina; and a successful lawsuit against him, while not technically binding on the Langkildes, would almost certainly have been dispositive of all issues in a subsequent action for their eviction.

After 1968 Marcus Langkilde claimed his right of occupancy through Marie and Marie claimed to possess the land in her own right. An action against Lagafuaina would no longer be dispositive of the result in an action against the Langkildes; indeed, Lagafuaina would not even be an indispensable party in such an action. Although the Langkildes' possession of the land prior to 1968 might well count toward the thirty years' adverse possession after which they would own the land as a matter of substantive law, this prior possession did not prevent the accrual of a new cause of action (a procedural question distinct

from the substantive question of ownership[1]) when Marie Langkilde purchased the land in 1968.

2) In any case, even where possession is under a title courts have generally held that it must be open and notorious in order to trigger the beginning of the statute of limitations. If open and notorious possession did not begin prior to July 1967, the statute of limitations has not run even by plaintiff's counsel's reckoning. We have on the present record no evidence of the nature of the Langkildes' possession in this period. We are told, for instance, that they built a home and resided on the land, but not when they began to do so.

3) Moreover, this action was filed not in 1987 but in 1983. Plaintiff and defendant disagree

---

[1] It is important to remember that the limitation of actions and the doctrine of adverse possession, while the facts giving rise to them are usually intertwined, are separate laws with somewhat different underlying principles. They may therefore sometimes depend on different facts. Adverse possession concerns itself primarily with the nature of defendant's possession of the land: someone who possesses for ten years under no title at all, then for twenty years under a deed from someone who does not own the land, may nevertheless acquire it so long as his possession is continuous, open, notorious, exclusive, and hostile for the whole thirty years. However, an important change in the nature of the possessor's claim to the land or of the record owner's relation to it may result in the accrual of a new cause of action and thus toll the statute of limitations. This means that an owner of record may, if various persons with some legal relationship to one another have been possessing the land for thirty years, have a procedural right to sue but nothing of substance to sue for. The case before us presents exactly the opposite circumstances: defendant Langkilde does not claim that he has acquired ownership of the land by thirty years' possession, but only that plaintiffs --- even if they do own the property --- can no longer sue him to recover it.

about whether plaintiff knew the Langkildes' identity at that time. On a motion for summary judgment we are bound to view the facts in the most favorable light for the party against whom judgment is sought; assuming that plaintiff was unaware of the Langkildes' identity, his designation of them as "Doe defendants" was sufficient to toll the statute of limitations.

4) Assuming _arguendo_ that the plaintiff's cause of action accrued in 1965 when Marie Langkilde leased the land from Lagafuaina, it would appear that the filing of suit against Lagafuaina in 1983 tolled the running of the statute against the Langkildes even if plaintiff knew their identities and did not serve them. Commencement of an action ordinarily suspends the running of the statute not only in favor of parties to the action but also in favor of those claiming under them. We recognize, of course, that since 1968 Marie Langkilde had a distinct claim of ownership in her own right. However, the only claim that existed twenty years before defendant Marcus Langkilde was named as a defendant in this action --- and therefore the only claim that could possibly serve as a basis for his reliance on the twenty year statute of limitations --- was the claim to possess the land as Lagafuaina's lessee. The statute of limitations against plaintiff's right to controvert that claim was suspended in 1983 when Lagafuaina was sued.

5) Finally, we note what appears to be the broad holding of the Appellate Division in _Reid v. Puailoa_, 1 A.S.R.2d 85 (1983), to the effect that communal land can never be acquired through adverse possession by an individual. _Id_. at 88-89 n.1. Although the Court cites only A.S.C.A. § 37.0120, the substantive thirty year adverse possession statute, the appellant in _Reid_ had sought to overturn the trial court's holding on the ground that it also controverted A.S.C.A. § 43.0120(6), the twenty year statute of limitations at issue in the present case. _See_ _Reid v. Puailoa_, AP No. 14-82, Reply Brief of Appellant Reid at 19. Since the appellant in _Reid_ had occupied the land under a deed for 26 years, the issue seems necessarily to have been decided. The Court's reasoning --- that the legislature's enactment of various provisions restricting the conversion of communal land to individual land is inconsistent with a desire to allow such conversion to occur by operation of the

41

adverse possession statute --- seems to apply with equal force to the statute of limitations.

Inasmuch as we have already decided the issue on far narrower grounds, however, we need not decide whether and how this holding of Reid applies to the present case.

## II. Laches

The determination of whether an action is barred by laches entails a fact-intensive inquiry. At present we know almost none of the facts about this case. Since there is no evidence in the present record concerning the circumstances surrounding the delay in filing suit --- except plaintiff's assertion, which we are bound to accept for the purpose of the present motion, that he did not even know the Langkildes were on his land until sometime after 1983 --- we cannot grant summary judgment on the ground of laches.

## III. Failure to Join an Indispensable Party

When plaintiff named the "Doe defendants" in 1987 he named Marcus Langkilde rather than Marie, the record owner of the tract on which the Langkildes lived. Plaintiff's counsel learned that the proper party defendant was not Marcus but the Estate of Marie Langkilde on or shortly after April 5, 1988, when defendant's counsel filed answers to plaintiff's interrogatories. Counsel for defendant Marcus Langkilde now maintains (1) that the Estate of Marie Langkilde is an indispensable party to this action and (2) that the Estate can no longer be joined as a party, since the 60 days in which creditors could have filed claims against the estate expired on or about April 12, 1988.

We agree that either the Estate or the heirs of Marie Langkilde should be joined in this action. The 60-day limit on claims by creditors of the Estate is not jurisdictional, and to allow a late claim under the present circumstances would appear reasonable. The property seems still to be registered in the name of the Estate rather than of the heirs or legatees. Plaintiff's counsel seems first to have learned that his client might have a claim against the Estate via answers to interrogatories that appear themselves to have been

42

filed about 90 days late. By then there was about one week left before the closing date for claims. Plaintiff's counsel may not have known of the deadline, since the notice appears to have been published in the newspaper but not sent directly to plaintiff or his counsel.

Whether to allow a claim to be filed against the Estate, however, is a question for the judge in the probate case. We will allow the joinder of Marcus Langkilde in his capacity of Executor of the Estate as a defendant in this action, but we cannot guarantee that it will have the juridical effect desired by plaintiff. It is within the discretion of the judge in the probate case to distribute the property to the heirs or legatees without regard to a claim now filed by plaintiff. In that case, the heirs or legatees would receive only whatever interest Marie actually owned. That, in turn, is a question partly for determination in the present case. If necessary, her successors in interest can be joined as parties to this litigation.

Conclusion

The motion for summary judgment is denied. Marcus Langkilde in his capacity as Executor of the Estate of Marie Langkilde is added as a party defendant.

It is so ordered.